UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDWARD K.,

                        Plaintiff,

v.                                                                                       CASE # 21-cv-01297

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                                OF COUNSEL:

LAW OFFICES OF KENNETH HILLER            JEANNE E. MURRAY, ESQ.
  Counsel for Plaintiff                                   KENNETH HILLER, ESQ.
6000 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                 GRAHAM MORRISON, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

**I.     RELEVANT BACKGROUND**

   **A.     Factual Background**

Plaintiff was born on June 22, 1968, and has a high school education. (Tr. 335, 340). Generally, plaintiff's alleged disability consists of blurry vision, dry eyes, knee problems, torn Achilles tendon, acid reflux, heart burn, dyslexia and depression. (Tr. 339). His alleged onset date of disability is May 7, 2019, and date last insured is December 31, 2023. (Tr. 335).

   **B.     Procedural History**

On May 8, 2019, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act. (Tr. 297, 307). Plaintiff's application was denied initially on September 5, 2019, and upon reconsideration on October 24, 2019, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On June 11, 2020, plaintiff appeared before ALJ Asad Ba-Yunus. (Tr. 152-200). On July 30, 2020, ALJ Ba-Yunus issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 52-68). On October 27, 2021, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-4). Thereafter, plaintiff timely sought judicial review in this Court.

   **C.     The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.

2. The claimant has not engaged in substantial gainful activity since May 7, 2019, the alleged onset date (20 CFR 404.1571 et seq.).

3. The claimant has the following severe impairments: lumbar spine degenerative disc disease; bilateral chondromalacia; pes valgus planus, tibialis posterior dysfunction, and plantar fasciitis (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(c) except that he is capable of frequently, but not constantly, kneeling, crouching, crawling, or climbing ramps, stairs, ladders, ropes, or scaffolds; he has no limitation for balancing or stooping.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on June 22, 1968 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 7, 2019, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 52-68).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff advances the following two arguments in support of his motion. First, the Appeals Council failed to properly consider new and material evidence. Second, the ALJ failed to rely on substantial evidence in assessing the RFC. (Dkt. No. 7 [Pl.'s Mem. of Law]).

### B. Defendant's Arguments

Defendant responds generally that the ALJ's RFC is supported by substantial evidence, specifically noting that the additional evidence submitted to the Appeals Council does not make the ALJ's decision contrary to the weight of the evidence. (Dkt. No. 8 [Def.'s Mem. of Law])

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

B.     **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

IV.  ANALYSIS

   A.  Evidence to Appeals Council

The Appeals Council (AC) will review a case based on additional evidence if, in addition to meeting other requirements, the evidence relates to the period on or before the date of the hearing decision and there is a reasonable probability that it would change the outcome of the decision. 20 C.F.R. § 404.970(b). When the Appeals Council denies review, however, regardless of whether a claimant presents additional evidence or only argument, it is the ALJ's decision that becomes the final decision of the Commissioner subject to judicial review. *See Pollard v. Halter*, 377 F.3d 183, 192 (2d Cir. 2004) (comparing an Appeals Council's denial of a request for review to a denial of certiorari which carries no import as to the merits of a case). When evidence is submitted to the AC, the relevant inquiry is not whether the AC gave sufficient reasons in its notice but whether the new evidence "add[s] so much as to make the ALJ's decision contrary to the weight of the evidence." *Rutkowski v. Astrue*, 368 F. App'x 226, 229 (2d Cir. 2010); *see Bushey v. Colvin*, 552 F. App'x 97, 98 (2d Cir. 2014) (new evidence "did not alter the weight of evidence so dramatically as to require the Appeals Council to take the case"). Here, the Appeals Council determined the evidence submitted did not show a reasonable probability that the outcome of the ALJ's decision would have changed and the Court agrees.

On October 9, 2020, about two months after the ALJ issued his unfavorable disability decision on July 27, 2020, plaintiff submitted records from the Erie County Department of Social Services. (Tr. 84). The submission included multiple assessments for determination of employability completed for the Department of Social Services, but plaintiff's sole argument pertains to a statement jointly signed by Nurse Kendra and Social Worker Sullivan which plaintiff

asserts undermined the ALJ's findings and was not properly evaluated by the AC. (Dkt. No. 7 at 10 *referring to* 113-14).

As an initial matter, the April 2020 opinion from Nurse Kendra and Social Worker Sullivan stated plaintiff had only been in treatment at the facility for seven months and under their specific care for three months. (Tr. 114). Furthermore, the diagnosed adjustment disorder with mixed disturbance of emotions and conduct was only diagnosed five months prior and deemed to last less than 12 months, while the diagnosed hoarding disorder had only been four months prior. (Tr. 113). There is a 12-month durational requirement for disability and temporary limitations need not be included in the RFC determination. *See* 42 U.S.C. § 423(d)(1)(A); *Faust v. Comm'r of Soc. Sec.*, No. 18-CV-313S, 2019 WL 4785532, at *7 (W.D.N.Y. Oct. 1, 2019) ("An ALJ is not obligated to incorporate temporary limitations in the RFC determination.") (*citing Barnhart v. Walton,* 535 U.S. 212, 219-20, 122 S. Ct. 1265, 1270, 152 L. Ed. 2d 330, 339-40 (2002)); *Baker v. Saul, No*. 18-CV-6411L, 2020 WL 702517, at *2 (W.D.N.Y. Feb. 12, 2020) (noting that opinions covering two-to-three-month periods "would not satisfy the 12-month durational requirement for disability"). Therefore, the two diagnoses on the form did not even meet the durational requirement to be considered a severe mental impairment.

Furthermore, as stated by the AC, plaintiff has not shown a reasonable probability that the outcome of the ALJ's decision would have changed given the opined limitations. (Tr. 2). Plaintiff's brief focuses solely on the significant limitations opined but neglects to discuss any other evidence to support the limitations or even that the ALJ should have found mental impairments severe. (Dkt. No. 7 at 12-14).

A review of the ALJ's decision confirms he performed a detailed assessment of plaintiff's mental functioning and explained why no mental impairments were severe and so no limitations

7

in mental functioning were included. (Tr. 60-61). Evidence supporting the ALJ's decision included medical opinion evidence, which were supported and consistent with other medical evidence, unlike the opinion submitted to the AC.

On August 15, 2019, Dr. Santarpia examined plaintiff and noted that plaintiff's symptoms did not meet the criteria for any Diagnostic and Statistical Manual of Mental Disorders (DSM-5) diagnosis. (Tr. 478). Based on plaintiff's reports of daily activity and normal examination findings, Dr. Santarpia concluded plaintiff had no mental limitations for any work-related activities and that the evaluation did not demonstrate any psychiatric problems that would significantly impact his ability to function on a daily basis. (Tr. 480). The ALJ found the opinion persuasive explaining that "it is supported by the record, which shows that the claimant's complaints have generally been in response to situational stressors and have reacted well to treatment." (Tr. 60; *See Swiantek v. Comm'r of Soc. Sec.*, 588 F. App'x 82, 83-84 (2d Cir. 2015) (finding that behaviors precipitated by situational factors rather than longitudinal manifestations of psychological disorders belied the presence of totally disabling functional limitations).

On September 4, 2019, Dr. Dekeon, a state agency medical consultant, also concluded that plaintiff did not display any medically determinable mental impairments. (Tr. 205-06). Dr. Dekeon noted plaintiff's lack of outpatient/inpatient mental health treatment, and that psychiatric evaluations were within normal limits. (Tr. 206). Additionally, psychological consultant Dr. Gagan, who performed the reconsideration review of the file, determined that plaintiff did not display a medically determinable mental impairment. (Tr. 217). These opinions were all consistent with medical treatment records that repeatedly referenced normal mental examination findings, including Nurse Kendra's mental status examinations. (Tr. 722).

The ALJ appropriately considered plaintiff's mental functioning across four functional areas and found only a mild impairment in adapting or managing oneself. (Tr. 61). In doing so, the

ALJ referenced medical opinions, examination findings, and plaintiff's self-reports. (Tr. 60). The Kendra/Sullivan opinion to the AC assessed plaintiff with the highest grade of impairment in seven of eight categories but nothing in the record supports the severity opined and as stated above, plaintiff does not identify additional evidence for how this one opinion is sufficient to overturn the plethora of substantial evidence which the ALJ relied upon in making his decision.

### B.  RFC

Next, plaintiff argues the ALJ rejected the opinions of record and therefore assessed an RFC that was based on his own lay opinion. (Dkt. No. 7 at 14). Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on plaintiff to demonstrate functional limitations that preclude any substantial gainful activity. *See* 20 C.F.R. § 404.1512(a). Furthermore, while it is the ALJ who is responsible for assessing the RFC, there is no requirement that the ALJ's RFC finding be identical to a medical opinion.  *See Matta v. Astrue,* 508 Fed App'x 53 (2d Cir. 2013) (summary order) ("Although the ALJ's conclusions may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."); *Bliss v. Comm'r of Soc. Sec.*, 406 F.App'x 541, 542 (2d Cir. 2011) ("[T]he ALJ need not involve medical sources or claimant's counsel in his deliberative process or assessment of the evidence.").

For claims filed on or after March 27, 2017, the ALJ no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) including those from [the claimant's] medical sources." *Angela H.-M. v. Comm'r of Soc. Sec.*, 631 F. Supp. 3d at *4 (W.D.N.Y. 2022) (quoting 20 C.F.R. § 404.1520c(a)) (internal quotation marks omitted). Instead, the ALJ evaluates the opinion evidence

and "articulate[s] ... how persuasive[she] finds the medical opinions in the case record." *Id*. (citing 20 C.F.R. § 404.1520c(b)).

Here, ALJ Ba-Yunus decision was thoroughly detailed as it assessed the medical and non-medical evidence in the record, including medical opinions, treatment notes, clinical findings, and plaintiff's activities. Although plaintiff argues the RFC is more restrictive than any opinion evidence, that is not sufficient to remand a case. (Dkt. No. 7 at 16). The Second Circuit has upheld RFC findings where the ALJ deviated from a medical opinion to find a plaintiff was even more restricted than indicated in the opinion. *See Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 39 (2d Cir. 2020) (upholding RFC finding where "the ALJ occasionally deviated from consultative examiners' recommendations to decrease [plaintiff's] RFC based on other evidence in the record"). Similarly, this Court has held remand was unwarranted where the ALJ gave a claimant the benefit of the doubt and included limitations in the RFC beyond what was in the medical opinions. *Lesanti v. Comm'r of Soc. Sec.,* 436 F.Supp.3d 639, 649 (W.D.N.Y 2020), *citing Baker v. Berryhill*, No. 1:15-cv-00943-MAT, 2018 WL 1173782, at *4 (W.D.N.Y. Mar. 6, 2018) ("[R]emand is generally not warranted where the ALJ's RFC finding is more restrictive than the limitations set forth in the medical opinions of record.").

There was no gap in the record as alleged by plaintiff. Contrary to plaintiff's argument, the ALJ did not reject all opinion evidence, but rather found many to be only partially or somewhat persuasive. (Tr. 61-65). Plaintiff does not assert any error in how the opinions were assessed, only that the RFC was more limiting than the opinions. (Dkt. No. 7 at 16). The only evidence cited by plaintiff of greater limitations is a vague reference to plaintiff's testimony "to disabling limitations, which were not accounted for in the RFC." (Dkt. No. 7 at 19). Later in his brief he again broadly states sedentary exertion work was "more consistent with plaintiff's testimony" but the ALJ relied

10

in part on the opinion of Dr. Schwab which assessed only mild restriction with prolonged walking and climbing stairs or ladders. (Tr. 484). Similarly, the ALJ considered Dr. Perillo's opinion that plaintiff would be off-task less than five percent of a usual workday and that he did not consider plaintiff to have any physical work related limitations. (Tr. 518-525).

The ALJ also assessed Dr. Koenig's and Dr. Ehlert's opinions and found them somewhat persuasive. (Tr. 64). Dr. Koenig opined that plaintiff could perform medium work that involves frequent climbing, kneeling, crouching, or crawling, but no limitations for balancing or stooping, which Dr. Ehlert concurred. (Tr. 208-209, 220). The ALJ accepted these opinions but thoroughly explained he was finding an RFC for light work instead of medium because of a newly established lumbar spine impairment. (Tr. 61). In sum, the RFC does not have to track any particular medical opinion and may reflect limitations beyond what a medical source advises so long as it is supported by substantial evidence.

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is

**DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 8) is

**GRANTED**.

Dated: September 26, 2023  
Rochester, New York

*J. Gregory Wehrman*  
HON. J. Gregory Wehrman  
United States Magistrate Judge